### No. 6286.

### Willis H. Hogan vs. Mississippi Valley Bank.

S. H. Young & Co. were the real consignors to whom plaintiff, on the guarantee of the cashier of the Mississippi Valley Bank, had agreed to advance fifty dollars per bale, all drafts coming through the Mississippi Valley Bank. Young & Co. having failed, plaintiff seeks to hold defendant responsible for a balance due him. But this he can not do, because the guarantee of defendant was not in writing. The promise to pay the debt of another can not be shown by parol evidence.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. T. Gilmore & Sons*, for plaintiff and appellee. *F. L. Richardson*, for defendant and appellant.

WYLY, J. Plaintiff sues defendant for $923 82, a balance of an account which he alleges defendant owes him as factor for advances on shipments of cotton in October, November, and December, 1873. The shipments were made by S. H. Young & Co., from Vicksburg, and the advances were on their drafts coming through the Mississippi Valley Bank. The theory of the plaintiff is the bank was the principal and S. H. Young & Co. were their agents in these transactions, and the account was kept with S. H. Young & Co. at the request of defendant, and with the understanding that defendant was responsible.

The first shipment was undoubtedly for account of defendant, because the balance of the proceeds after paying the draft on the shipment were to be placed to its credit in the Germania Bank. Another shipment was received from S. H. Young & Co., and the cashier of the defendant bank was in the city. He made arrangement with plaintiff that the business should be carried on with S. H. Young & Co., directing him not to deposit the balance of the proceeds of the first shipment as first directed, but to place them to the credit of S. H. Young & Co., and he made a verbal agreement with plaintiff to guarantee him from loss in future business with S. H. Young & Co., all drafts by the shippers to come through the Mis-

sissippi Valley Bank. Plaintiff wrote to S. H. Young & Co. agreeing to advance fifty dollars per bale on all shipments by them.

Plaintiff made a strenuous effort to prove that the defendant was the party with whom he dealt, and that S. H. Young & Co. were not the real consignors for whom he acted as factor. After carefully examining the evidence, we regard this attempt as a failure. S. H. Young & Co. were the real consignors to whom plaintiffs, on the guarantee of the cashier of the Mississippi Valley Bank, had agreed to advance fifty dollars per bale, all drafts coming through the Mississippi Valley Bank.

In the course of the transactions cotton declined, the shippers lost by the speculations, and failed in business. The balance of $923 82 plaintiff can not make out of the shippers, S. H. Young & Co., with whom he kept the account, and to whom he rendered account sales, and for whom he did business, because they have failed. He now seeks to hold defendant responsible. He can not do so, because the guarantee of defendant was not in writing. The promise to pay the debt of another can not be shown by parol evidence.

The bill of exceptions to the admission of the depositions of S. H. Young was not well taken, the objection to the seal used by the Louisiana commissioner being trivial.

It is therefore ordered that the judgment herein in favor of plaintiff be annulled, and that plaintiff's demand be rejected with costs in both courts.

Rehearing refused.